**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUNTABILITY & OVERSIGHT,
30 N. Gould Street, #12848
Sheridan, WY 82801,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE,
1401 Constitution Avenue, N.W.
Washington, D.C. 20230,

and

NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,
1401 Constitution Avenue, N.W.
Washington, D.C. 20230,

Defendants.

Civil Action No. 26-cv-3575

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

**INTRODUCTION**

1. Plaintiff Government Accountability & Oversight ("GAO") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. GAO seeks to compel the United States Department of Commerce ("Commerce") and its component, the National Oceanic and Atmospheric Administration ("NOAA"), to respond to an August 24, 2026 FOIA request and to produce certain email records of Dr. John Dunne of NOAA's Geophysical Fluid Dynamics Laboratory ("GFDL").

2. The Plaintiff's request covers one custodian and a fixed two-year window of time, January 20, 2021 through January 30, 2023. A record is responsive to the Plaintiff's request only if it contains a term from each of two short lists of keywords. The request

also excludes duplicates, mass mailings, newsletters, automated replies, and published materials.

3. NOAA acknowledged the request on August 24, 2026 and granted GAO a full fee waiver the next day. Then, NOAA went silent. It never invoked an extension of time. It never made a determination. It never produced a record.

4. FOIA gave NOAA until September 22, 2026 to decide the request. 5 U.S.C. § 552(a)(6)(A)(i). Even had NOAA claimed the ten-day extension that is available in "unusual circumstances" (and NOAA never did so), its time would have run on October 6, 2026. *Id.* § 552(a)(6)(B)(i). GAO is therefore deemed to have exhausted its administrative remedies, *id.* § 552(a)(6)(C)(i), and Plaintiff therefore asks the Court to order Defendants to search for and produce the records.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff GAO is a non-profit public-policy educational organization incorporated in Wyoming and recognized under section 501(c)(3) of the Internal Revenue Code. GAO is dedicated to transparency in government. It gathers information about the operations of government, including through public-records requests, turns that information into distinct published reports, articles, and commentary, and distributes

those works to the public through its website, https://govoversight.org, and through other outlets.

8. Defendant Commerce is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant NOAA is a component of Commerce and is itself an agency within the meaning of 5 U.S.C. § 552(f)(1). NOAA received and processed the requests at issue. Commerce and NOAA have possession, custody, and control of the records GAO seeks. They are referred to together as "Defendants."

## FACTS

### I. GAO asked for a narrow set of one GFDL scientist's emails.

10. On August 24, 2026, GAO submitted a FOIA request to NOAA through the FOIA.gov portal. A true copy of the request is attached as Exhibit 1.

11. The request was directed to the NOAA Central FOIA Facility and concerned GFDL in Princeton, New Jersey. It sought "[a]ll email messages sent or received by Mr. Dunne between January 20, 2021 through January 30, 2023, inclusive," that met two conditions. Ex. 1 at Part 1.

12. First, a message had to include at least one of seventeen listed names, terms, or email addresses, among them "NASEM," "Burger," "Edling," "Merner," "Heede," "Wiles," "Worthington," and "@climateintegrity.org." *Id.*

13. Second, the same message had to include at least one of these terms: "climate accountability"; "NASEM"; "endangerment"; "attribute"; "attribution"; "RCP 8.5"; "RCP8.5"; "business as usual"; "business-as-usual"; "BAU" as a freestanding term; or "reference scenario." *Id.*

14. To ease NOAA's burden further, GAO asked NOAA to treat exact duplicates as non-responsive. It also asked NOAA to set aside seven categories of material, including mass mailings, newsletters and press clippings, subscription emails, draft attachments, automated replies, and published or docketed materials. *Id.*

15. The request asked NOAA to search Dr. Dunne's active accounts and any archived, backup, or Capstone-preserved accounts, as well as records transferred to agency records centers. It asked for the records in native electronic format. *Id.* at Parts 2 and 3.

16. On August 24, 2026, NOAA acknowledged the request and assigned it case number DOC-NOAA-2026-002049. A true copy of NOAA's acknowledgment is attached as Exhibit 2.

17. By letter dated August 25, 2026, NOAA granted GAO's request for a fee waiver. NOAA stated that the waiver "applies to all applicable search, review, and duplication fees associated with this request." A true copy of the letter is attached as Exhibit 3.

18. NOAA did not send GAO any written notice extending the time to respond to the request.

19. As of the date of this Complaint, NOAA has produced no records in response to Request DOC-NOAA-2026-002049 and has not communicated a determination on it.

## II. NOAA has missed the statutory deadline, so GAO seeks judicial review.

20. FOIA requires an agency, upon a request that reasonably describes the records sought, to "make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

21. An agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." *Id.* § 552(a)(6)(A)(i). An agency may extend that period only "by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

22. NOAA received the request on August 24, 2026. Excluding weekends and Labor Day, the twenty-working-day period expired on September 22, 2026. NOAA sent no extension notice. Had it sent one, the extended period would have expired on October 6, 2026.

23. NOAA has made no "determination" on the request. To make one, an agency "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013). On information and belief, NOAA has done none of these things.

24. Because NOAA failed to comply with the applicable time limits, GAO "shall be deemed to have exhausted [its] administrative remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i).

25. GAO has a statutory right to the records it requested, and NOAA has no lawful basis for withholding them.

## III. A companion request for the email of two other NCA4-era custodians is in administrative appeal.

26. On July 22, 2026, GAO submitted a related request, later assigned tracking number DOC-NOAA-2026-001942. It sought email of David R. Easterling of NOAA's National Centers for Environmental Information ("NCEI") and Zachary M. Labe of GFDL for the same period, January 20, 2021 through January 30, 2023, using a similar two-condition search.

27. By letter dated August 11, 2026, issued on the letterhead of NOAA's Office of Oceanic and Atmospheric Research and transmitted to GAO on August 25, 2026, NOAA stated that "[a]fter searching our files, we were unable to locate any records that are responsive to your request." The letter did not describe the search.

28. GAO submitted an administrative appeal of that response on October 7, 2026. GAO intends to amend this Complaint to add a claim concerning Request DOC-NOAA-2026-001942 once the Department of Commerce decides the appeal or the time to decide it expires. *See* 5 U.S.C. § 552(a)(6)(A)(ii), (C)(i).

## CLAIM FOR RELIEF

### <u>COUNT I</u>

Violation of FOIA: Failure to Make a Timely Determination and to Produce Records
(Request DOC-NOAA-2026-002049, Geophysical Fluid Dynamics Laboratory)

29. GAO repeats and incorporates the preceding paragraphs.

30. Plaintiff's Request DOC-NOAA-2026-002049 reasonably describes the records sought and was made in accordance with NOAA's published rules.

31. NOAA failed to make and communicate a determination on the request within the time limits set by 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i).

32. GAO has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

33. Defendants have improperly withheld agency records responsive to the request, in violation of 5 U.S.C. § 552(a)(3)(A). GAO is entitled to an order compelling Defendants to conduct an adequate search and to produce all non-exempt responsive records. *Id.* § 552(a)(4)(B).

## PRAYER FOR RELIEF

GAO respectfully asks the Court to:

A. Declare that Defendants violated FOIA by failing to make a timely determination on Request DOC-NOAA-2026-002049;

B. Order Defendants to conduct, by a date certain, a search reasonably calculated to uncover all records responsive to the request, including Dr. Dunne's active, archived, backup, and Capstone-preserved NOAA email accounts and any records transferred to agency records centers;

C. Order Defendants to produce, by a date certain, all non-exempt responsive records in native electronic format, together with an index justifying any withholding;

D. Enjoin Defendants from continuing to withhold non-exempt responsive records;

E. Award GAO its reasonable attorney fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other relief as the Court deems just and proper.

Dated: October 13, 2026

Respectfully submitted,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT

By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com